AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

WESTERN   DISTRICT OF   OHIO, AT CINCINNATI

LYNNE M. NILL, et ux.,

V.

PERRIGO SALES CORPORATION, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C-1-01-755

TO: DANIEL WOO, M.D.
Department of Neurology - College of Medicine
University of Cincinnati
Cincinnati, Ohio   (513) 558-2075

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 312 Walnut Street, Cincinnati, Ohio ; Tel: (513) 852-5600 | December 16, 2004 @ 9:00 a.m. (EST) |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A."

| PLACE | DATE AND TIME |
|---|---|
| 312 Walnut Street, Cincinnati, Ohio; Tel: (513) 852-5600 | December 13, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Denise M. Smith | November 29, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Denise M. Smith, Ulmer & Berne LLP, 600 Vine Street, #2800, Cincinnati, Ohio 45202, Tel: (513) 698-5000
Attorney for Defendant Bristol-Myers Squibb Co.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 11/30/04 | 231 Albert Sabin Way Cinci OH |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Laura Hergert for Daniel Woo MD. | Personal Hand Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David Luensman | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/30/04
DATE

SIGNATURE OF SERVER: David Luensman

ADDRESS OF SERVER:
3550 Providence Trace
Melbourne, KY 41059

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

The term "documents" is used in its broadest sense, and includes, without limitation, written material of whatever kind or nature, whether typed, printed, handwritten or otherwise produced including, without limitation, letters, memoranda, notes, contracts, bills, invoices, spreadsheets, photographs, calendars, Photostats, photocopies, data, audio, or video recordings, and electronic data compilations, including computerized files, computer disks, hard drives, database records, "voice mail" or "phone mail" recordings, and "electronic mail" or "e-mail" messages, however stored, as well as drafts, revisions, and redline versions or iterations, whether paper or electronic. Spreadsheets and any other documents that contain formulae and/or calculations are to be produced in readable electronic format and in such a way that the formulae and/or calculations may be reviewed.

Further, the "documents" requested herein extend to and include any and all such materials within the possession, custody, or control of your agents, attorneys, or representatives, regardless of where located. You are to produce the materials in your possession, custody, or control listed below:

1. Current curriculum vitae;

2. All documents and materials, published or unpublished, on which you intend to rely as a basis, in whole or in part, for the opinions you intend to express in this litigation;

3. All materials and documents obtained, received, reviewed, considered, or consulted by you in connection with your testimony in this litigation, whether you found the matter contained in those documents or materials to be helpful or not. The documents and materials requested include, but are not limited to, all records, data, depositions, statements, transcripts, medical, articles, books, and correspondence;

4. All documents, including but not limited to, notes, data, spreadsheets, reports, draft reports, interim iterations of reports, records, and computer disks, prepared or otherwise recorded by you, or at your direction, concerning or relating to your testimony in this litigation. The documents requested include, but are not limited to, all such documents relating to your review of documents, and those relating to the formulation of your opinions in this litigation;

5. All articles or papers you have written, presented, or have participated in writing or presenting, that relate to or concern the subject matter of your testimony in this litigation;

6. All documents concerning any research that you have undertaken that relate to or concerns the subject matter of your testimony in this litigation, whether you found the research to be helpful or not;

7. All documents, data, or other materials supplied to you by the plaintiffs or their attorneys in this litigation;

8. All correspondence or other documents reflecting communications with anyone regarding your testimony in this litigation or its subject matter, including, but not limited to, e-mail correspondence;

9. All writings, notes, or other tangible evidence concerning conversations that you have had with anyone concerning or relating to your testimony in this litigation;

10. All photographs which you have reviewed concerning or relating to your testimony in this litigation;

11. Copies of all affidavits, reports, and sworn testimony given by you, whether at deposition or trial or otherwise, that relate to or concern the subject matter of your testimony in this litigation; and

12. All reports, draft reports, iterations of reports, inserts to reports, redlined versions of reports, and/or modifications or supplements to reports prepared by or provided to you.